SUCESIÓN J. SERRALLÉS, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 12. Argued November 13, 1944.—Decided February 2, 1945.

*F. Parra Capó* and *Leopoldo Tormes García* for petitioner. *Erasto Arjona Siaca* for interveners, plaintiffs in the main actions.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Julián Rodríguez and Francisco V. Torres, farm laborers who worked as watchmen of certain agricultural installations belonging to Sucesión J. Serrallés, filed, in the Municipal Court of Ponce, separate complaints claiming compensation for overtime and days of rest.

Rodríguez alleged that, from January 26, 1939, to June 8, 1942, he had worked as watchman of the irrigation installations owned by his employer, each day from 4 o'clock in the afternoon until 6 o'clock the next morning, or 14 hours daily; that during 1,228 days he had worked 7,368 hours overtime, which, at double the ordinary rate of pay per hour, computed on the basis of $5.95 a week, amounted to $1,473.06; that out of that period he was entitled to 175 days of rest, with pay, which were not given to him, and the defendant owed him on that account the additional sum of $148.75.

Torres alleged that, from August 2, 1935, to June 8, 1942, or during 2,514 days, he had worked as a watchman for the defendant, "at a salary of $5.95 a week," each day from 4 o'clock in the afternoon until 6 o'clock the next morning; that during that period he worked 15,084 hours overtime, which at double the ordinary rate of pay per hour made a total of $3,016.80; that out of that period he was entitled to 2,514 hours of rest, with pay, which on the basis of the weekly wages of $5.95 earned by him, amounted to $1,830.90, which the defendant owed him.

The defendant in its answers, which were identical in both cases, denied the essential averments of the complaints and set up, by way of defense, "that said claimant worked for the defendant 8 hours daily and for the work performed by the said claimant, this defendant paid him the agreed wages every Saturday" and "that the wages agreed with the claimant for the work performed by him for the defendant was paid to him each week, without the defendant owing him anything on that account or otherwise." It further alleged "that the claimant was a laborer engaged to work by the day and he earned his wages for each day that he worked for this defendant, for which reason said claimant is not entitled to the alleged . . . days of rest."

Upon both cases being decided in favor of the claimants, Sucesión Serrallés appealed to the District Court of Ponce.

By stipulation of the parties, both cases were jointly heard. The lower court made the following findings:

1. That the laborer Julián Rodríguez, during the period from January 26, 1939, to June 8, 1942, worked 1,161 days at the rate of 7 days each week, except those weeks during which he worked 6 days or less.

That during the above-mentioned period he worked on 149 Sundays; and that the hours worked by him in excess of the legal 8-hour day amounted to 8,127.

That said laborer started to work at a daily wage of 90 cents, which he earned during the period from January 26, 1939, to February 5, 1942; that from February 5 to April 19, 1942, he earned wages at the rate of 95 cents per day; and that from April 11, 1942, until the end of his employment his wages were increased to $1 per day.

In accordance with the foregoing findings, the lower court entered a decision adjudging the defendant to pay to said laborer the following sums:

| | |
|---|---:|
| "134 Sundays at $.90 per day_____ | $120. 60 |
| 7 Sundays at .95 per day_____ | 6. 65 |
| 8 Sundays at 1.00 per day_____ | 8. 00 |
| 1161 ninth hours overtime worked during that same number of days, as follows: | |
| 1042 ninth hours at $.225 per hour_____ | 234. 45 |
| 58 ninth hours at .2375 per hour_____ | 13. 78 |
| 61 ninth hours at .25 per hour_____ | 15. 25 |
| 6 hours overtime during 1042 days at $.1125 __ | 703. 35 |
| 6 hours overtime during 58 days at .11875 __ | 41. 33 |
| 6 hours overtime during 61 days at .125 __ | 45. 75 |
| Total_____ | $1, 189. 16" |

2. That the laborer Francisco V. Torres, during the period from August 2, 1935, to June 8, 1942, worked a total of 2,146 days, at the rate of 7 days each week, except some weeks during which he worked less.

That said laborer worked during 268 Sundays and a total of 8,022 hours in excess of the legal 8-hour day.

That said laborer started to work at a daily wage of 85 cents, earned by him during the period from August 2, 1935, to January 20, 1938; that from the latter date to February 5, 1942, he was paid at the rate of 90 cents per day; and that from that last date to the end of his employment he earned wages at the rate of 95 cents per day.

The lower court rendered judgment in favor of the claimant, awarding the following sums:

```
"73 Sundays at $.85 per day_____      $62. 05
 180 Sundays at   .90 per day_____      162. 00
  15 Sundays at   .95 per day_____       14. 25
2146 ninth hours overtime worked during that same
       number of days, as follows:
 670 ninth hours at $.2125 per hour_____      142. 38
1375 ninth hours at  .225 per hour_____      305. 33
 119 ninth hour  at  .2375 per hour_____       28. 26
   6 hours overtime during  670 days at $.10625__      427. 13
   6 hours overtime during 1357 days at   .1125 __      915. 98
   6 hours overtime during  119 days at   .11875__       84. 78
                                                   _____
         Total_____ $2 ,142. 16"
```

Relying on the provisions of Act No. 32, approved May 3, 1943, Sucesión J. Serrallés petitioned this court for a writ of certiorari, which was issued on June 13, 1944.

The petitioner assigns two errors claimed to have been committed by the lower court in weighing the evidence and in applying the law to the facts of each case.

■ By the first assignment it is urged that, contrary to the testimony of the claimants themselves, the lower court adjudged the defendant to pay them double rate of wages for the ninth hour, without taking into account the pay which they had already received during the period mentioned in the complaints, and that the lower court also erred in adjudging the petitioner to pay to the claimants, at the ordinary rate, for the hours overtime in excess of the ninth hour, disregarding the fact that they had already been paid

for those overhours in accordance with the contract of employment.

At the trial before the district court, claimant Francisco Vázquez Torres testified, that since August 2, 1935, he had worked as a watchman, looking after implements, gasoline, and machinery; that ever since June 8, 1942, he had been earning wages at the rate of $1 a day and before that time at the rate of $.85 per day; that he commenced his work at 4 o'clock in the afternoon and quitted it at 7 o'clock the next morning when the other laborers arrived; that it was always so; that during those hours he had to keep watch, without any rest and without being relieved by anyone; that he worked 14 hours daily until June 8, 1942, "when the period was reduced to 8 hours and different wages were fixed"; that he worked 6 hours overtime every day; that his employer paid him by the week and paid him for weeks of 8 hours only; that he was then being paid $1 a day and they paid him on Saturdays; that formerly they paid him $5.95 each week and he worked 14 hours daily and now they pay him $7 each week and he works 8 hours only; that during that time he worked more than 15,000 hours overtime which represent wages amounting to $3,016.80 and he did not have a single day of rest, as he worked every Sunday; that during some weeks in 1936 he only worked 4 days, as turns had been established in order to give other laborers an opportunity to work; that the hours covered by his claim were worked by him and do not include those worked by other persons.

On cross-examination by counsel for the petitioner, claimant Vázquez stated that the person who engaged him to work as a watchman was the superintendent of the works, Esteban Vidal; that the latter told him: "Here is this job, if you care to accept it," and he accepted it; that Vidal told him that he had to start work at four in the afternoon and quit at seven the next morning, earning 85 cents per day;

that he earned wages at the rate of 85 cents during 1935 and 1936 and afterward the wages were increased to 90 cents "for those same 14 hours"; that in March or April 1941, his wages were increased to 95 cents and he started work at 4:00 P. M. and quitted at 7:00 A. M. the next day; that he collected his wages on Saturdays and they always paid him the agreed wages according to the number of days worked by him; and that Vidal never offered to pay him anything for the hours in excess of the working period of eight hours.

The testimony of Julián Rodríguez was similar to that of his fellow worker Vázquez. Said claimant, referring to the contract of employment existing between him and his employer, testified that Vidal told him that he needed a man to work as a night watchman and "that I had to be there at four in the afternoon when they quitted work, and had to stay there until they would return next morning at seven," and that he would pay him wages at the rate of 90 cents; that he was paid on Saturdays and when he worked a full week, or seven days, they paid him $6.30.

Esteban Vidal, an employee of Sucesión Serrallés in charge of the construction work, testified that it was he who had engaged the services of the claimants; that he spoke to them regarding keeping a night watch, from 4 o'clock in the afternoon until 7 o'clock the next morning.

The testimony of the claimants themselves conclusively shows that the wages which they accepted—and which their employer paid them for each and all of the days during which they worked—was for working as watchmen each day from 4 o'clock in the afternoon until 7 o'clock the next morning, that is, during 14 hours. Such being the terms of the contract between the parties, and it having been admitted by the claimants, that the employer had paid them wages, at the stipulated rate, for all the days during which they worked as watchmen, the claimants are only entitled to re-

cover payment for the ninth hour at the ordinary rate so as to complete the double rate of wages for each ninth hour granted to them by law, in accordance with the decisions of this court in *Cardona* v. *District Court,* 62 P.R.R. 59, *Muñoz* v. *District Court,* 63 P.R.R. 226, and *Heirs of Valdivieso* v. *District Court,* (certiorari No. 17, Act No. 32 of 1943) *ante,* p. 470, decided January 30, 1945.

The rate per hour of work should be computed by dividing the daily wages received by each of the claimants by 14, which was the number of working hours agreed. In accordance with that rule, the claimants should receive:

```
Juan Rodríguez:
    For 1042 ninth hours at $.625 per hour_____   $65. 12
    For   58 ninth hours at  .650 per hour_____     3. 77
    For   61 ninth hours at  .700 per hour_____     4. 27
                                                      _____
            Total _____   $73. 16
Franscisco V. Torres:
    For  670 ninth hours at $.625 per hour_____   $41. 88
    For 1357 ninth hours at  .650 per hour_____    98. 21
  • For  119 ninth hours at  .700 per hour_____     8. 33
                                                      _____
            Total_____  $148. 42
```

The second assignment relates to the award of compensation for days of rest. In view of the nature of the work performed by the claimants, the latter are not included among the employees who are entitled to one day of rest with full pay for each six days of work. *Parrondo* v. *L. Rodríguez & Co., ante,* p. 418, decided January 17, 1945, and *Heirs of Valdivieso* v. *District Court, supra;* and *Compañia Popular de Transporte Inc.* v. *District Court,* decided January 9, 1945.

For the reasons stated the case should be remanded to the lower court with directions to modify its former judgments so as to adjudge the defendant to pay to claimant Julián Rodríguez the sum of $73.16 and to claimant Fran-

cisco V. Torres the sum of $148.42, without costs, inasmuch as the latter may not be imposed in this kind of actions, in accordance with § 14 of Act No. 10 of November 14, 1917.